## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| HAROLD E. CURRY, et al., | ) |
|     Plaintiffs, | ) Case No. 2:22-cv-153 |
| vs. | ) JUDGE EDMUND A. SARGUS |
| JEROME TOWNSHIP, OHIO | ) CHIEF MAGISTRATE JUDGE |
|     Defendant. | ) ELIZABETH A. PRESTON DEAVERS |

## CONSENT DECREE

This matter is before the Court on the application of the parties, Plaintiffs Harold E. Curry, Vivian Curry and AMH Development, LLC (the foregoing are collectively "Plaintiffs"), and Defendant Jerome Township, Ohio (the "Township," or "Defendant") (collectively, the "Parties"), each of which advises through counsel that they have reached an agreement to resolve all pending claims in this action (the "Litigation") by and through this Consent Decree as proposed and agreed by the Parties. It is therefore **ORDERED, ADJUDGED, and DECREED** as follows:

**I.      JURISDICTION AND VENUE**

1.      The Court has jurisdiction over the Parties and the subject matter of this action. Venue is proper in this Court.

**II.     BINDING EFFECT**

2.      The provisions of this Consent Decree shall apply and be binding upon the Parties, their agents, officials, officers, employees, assigns, successors in interest and in office, and any person acting in concert of in participation with them.

**III.    BACKGROUND**



3. Plaintiffs are landowners and a developer, who filed suit in this Court alleging that the Township, through misuse of the referendum process, had blocked Plaintiffs from developing their Property (the "Curry Property"). Plaintiffs alleged that the Township prevented Plaintiffs from putting the Curry Property to economically beneficial use, subjected Plaintiffs to unequal treatment of law, deprived Plaintiffs of their vested rights under the United States Constitution to use the Curry Property free from arbitrary, capricious, and unreasonable restrictions, and impose restrictions on the use of the Curry Property that are not consistent with the Township's Comprehensive Plan, the Township's Zoning Resolution, or Ohio law.

4. Plaintiffs alleged that through an arbitrary, capricious, unreasonable, and unconstitutional scheme, a few organized and vocal individuals in the Township have hijacked the zoning process to stop new homes from being built purportedly to keep the Township "rural," but in reality, want to permanently relegate undeveloped land as open space.

5. Specifically, Plaintiffs alleged that the Township misused the referendum process to delay and ultimately block Plaintiffs from developing a residential community known as The Curry Farm.

6. The Plaintiffs planned development complied with the Township Zoning Resolution and Township's Comprehensive Plan.

7. Township officials approved Plaintiffs' application to rezone the Curry Property from Rural Residential District ("RU") to Planned Development District ("PD") (the "Rezoning") and approved the proposed Zoning Plan, also known as a Preliminary Development Plan, for the Property ("Preliminary Development Plan" which is a "development plan" as contemplated by Ohio Revised Code Section 505.07).

2

8. On October 5, 2021, the Jerome Township Board of Trustees (the "Trustees") unanimously approved an application to rezone approximately 50.67 acres of land along US 42, the Curry Property, in the Township from RU to PD. Plaintiffs sought to develop the Property as a 100 single-family home planned development ("Curry Farm"). The Curry Farm Preliminary Development Plan complied with the requirements of the Township's Comprehensive Plan and Zoning Resolution.

9. Township residents initiated a referendum to block the Rezoning and maintain the status quo, notwithstanding the Preliminary Development Plan's full adherence to the Township Zoning Resolution and Comprehensive Plan.

10. As a result of this "status quo zoning," Plaintiffs alleged that they have been subjected to inevitable delays causing them to incur damages. Consequently, Plaintiffs filed a Complaint in this Court on January 18, 2022.

11. Plaintiffs Complaint asserts five causes of action arising from the Township's unlawful zoning scheme: (1) deprivation of Plaintiffs' property and liberty interests without due process of law in violation of the Due Process Clause of the United States Constitution; (2) unequal protection of law in violation of the Equal Protection Clause of the United States Constitution; (3) declaratory judgment that the rezoning of Curry Property to Planned Development District and approving the Curry Farm Development is constitutional, reasonable, substantially related to the public health and safety, and consistent with the Comprehensive Plan; (4) in the alternative, a regulatory taking of the Curry Property without just compensation in violation of the Fifth Amendment of the United States Constitution; and (5) a due process taking of the Curry Property without just compensation in violation of the Fourteenth Amendment of the United States Constitution.

12. In the litigation, Plaintiffs seek declaratory judgments, a permanent injunction against application of the Rural Residential zoning classification to the Curry Property, a permanent injunction enjoining the Township from preventing Plaintiffs from completing the development of the Curry Property as a planned residential community as previously approved by the Township, compensatory damages, and Plaintiffs' attorneys' fees and costs.

13. After Plaintiffs' complaint was filed, the Parties engaged in settlement negotiations and reached the settlement embodied in this Consent Decree.

14. The Parties' settlement includes the following stipulations and terms described below.

## IV. STIPULATIONS AND SETTLEMENT OF THE PARTIES

15. The Township has a duly adopted Zoning Resolution and Comprehensive Plan. The Curry Farm Development and its respective Rezoning and Preliminary Development Plan met, and as revised herein, is in full compliance with the Zoning Resolution and Comprehensive Plan.

16. Plaintiffs and the Township stipulate that, and by this Consent Decree, it is ordered that the Curry Property, is rezoned to PD and the Preliminary Development Plan for Curry Farm (the "Curry Farm Preliminary Development Plan") is approved pursuant to the procedures set forth in Ohio Revised Code Section 505.07 without following the procedures in Ohio Revised Code Section 519.12, and without referendum or appeal. A true and accurate copy of the Curry Farm Preliminary Development Plan, which reflects the Curry Property's rezoning to PD, is attached hereto as Exhibit 1 and is incorporated herein.

17. Plaintiffs and the Township stipulate that the following revisions shall be incorporated into the Curry Farm Development Plan in subsequent final development plan submissions:

4

    a.    Landscape buffering on US 42 shall consist of 9 to 10 evergreen trees and 4 deciduous trees per 100 feet.

    b.    Mounding and buffering along US 42 to include 4-foot-high wooden rails style fencing with opacity no greater than 75% consistent with that approved for the Pioneer Crossing Development.

    c.    Subsequent removal of any buffering due to future Ohio Department of Transportation (ODOT) taking of right-of-way along US 42 must be reinstalled and approved by the Township via a development plan modification. The Parties acknowledge and agree that the Preliminary Development Plan depicts the legal right-of-way, and that if ODOT exercises eminent domain which results in the removal of landscape buffer as approved, Plaintiffs will not be required to provide the full 50 foot setback, but rather to only supplement plantings as reasonably practical to fill gaps from the original plan for look and coverage. The Township agrees to support Plaintiffs with ODOT to obtain additional landscaping and buffer.

18. Plaintiffs and the Township stipulate, and by this Consent Decree, it is ordered that the Township shall review in good faith, and shall not take any action to delay or unreasonably withhold approval of any plans, permits, plats, or other approvals necessary to develop, construct, complete, or occupy the Curry Farm Development (collectively, the "Subsequent Applications"). To the extent the Subsequent Applications substantially comply with the Rezoning and Preliminary Development Plan, as modified and approved herein, all such Subsequent Applications shall be approved as an administrative act in accordance with Ohio Revised Code Section 519.021(B).

19. The pending lawsuit will be dismissed with prejudice subject to this Court maintaining jurisdiction for purposes of enforcement and interpretation of the Consent Decree.

20. As part of the Parties' settlement and as of the date of this Consent Decree, Plaintiffs, their employees, agents, representatives, attorneys, members, managers, affiliates, assigns, heirs, executors, and administrators, and any other party who may claim under or through them, release, remise, waive and forever discharge the Township, its trustees, commissioners,

officers, officials, directors, members, employees, agents, representatives, predecessors or successors, attorneys, assigns, heirs, executors, administrators, and insurers, in their individual and official capacities, from any and all promises, claims, demands, controversies, liens, liabilities, trespasses, judgments, executions, guarantees, warranties, covenants, rents, debts, suits, causes of action, costs, damages, claims for pre or post-settlement interest, losses, sums of money, offsets, or any other potential remedy, in any action whatsoever, in law or equity, whether known or unknown, past and current, that in any way arise out of or relate to the allegations in the Litigation including, but not limited to, the claims raised in and/or claims which could have been raised in the Litigation. This release and waiver does not limit Plaintiffs' or the Township's ability to enforce this Consent Decree.

21. As part of the Parties' settlement and as of the date of this Consent Decree, the Township, and its trustees, commissioners, officers, officials, directors, members, employees, agents, representatives, predecessors or successors, attorneys, assigns, heirs, executors, administrators, and insurers, in their individual and official capacities, and any other party who it controls or may claim under or through them, release, remise, waive and forever discharge Plaintiffs, their employees, agents, representatives, attorneys, members, managers, affiliates, assigns, heirs, executors, and administrators, from any and all promises, claims, demands, controversies, liens, liabilities, trespasses, judgments, executions, guarantees, warranties, covenants, rents, debts, suits, causes of action, costs, damages, claims for pre or post-settlement interest, losses, sums of money, offsets, or any other potential remedy, in any action whatsoever, in law or equity, whether known or unknown, past and current, that in any way arise out of or relate to the allegations in the Litigation including, but not limited to, the claims raised in and/or

claims which could have been raised in the Litigation. This release and waiver does not limit Plaintiffs' or the Township's ability to enforce this Consent Decree.

22. Plaintiffs and the Township acknowledge that this Consent Decree represents the compromise of disputed contentions and claims between the Parties concerning the Litigation and related claims, and the Consent Decree shall not be construed as: (a) an admission of the truth or falsity of any contentions or claims heretofore asserted; or (b) an acknowledgement of an admission of liability by Plaintiffs or the Township, which are expressly denied. All Parties explicitly deny any and all liability to each other.

23. Plaintiffs and the Township acknowledge that in the event future legal action is needed to effectuate this Consent Decree, the rezoning, or the Preliminary Development Plans resulting from this Consent Decree, Plaintiffs and the Township consent to equitable relief, including specific performance, in addition to any other rights available at law to the Parties.

## V. FINDINGS OF THE COURT

24. Based upon the Joint Exhibits submitted by the Parties to and reviewed by the Court, the Court finds that the complete submittal for the rezoning and development plans, including the applicable development texts, as well as this Consent Decree, have been available to the public at the Township fiscal officer's office pursuant to Ohio Revised Code Section 505.07. The Court further finds that the Parties have satisfied the notice and hearing requirements of Ohio Revised Code Section 505.07.

25. The Court has reviewed the Parties' stipulations and settlement as set forth above, the pleadings and proceedings in this matter to date, and the Joint Exhibits submitted by the Parties to this Court finds that this Consent Decree and the Parties' settlement is fair and reasonable.

26. The Court hereby Orders that, pursuant to Ohio Revised Code Section 505.07, the rezoning and text set forth in the Preliminary Development Plans (Exhibit 1), are approved, subject to all textual modifications set forth herein.

## VI. MONETARY DONATION TO JEROME TOWNSHIP

27. The Parties have negotiated, and the Plaintiffs hereby consent and agree to make a $22,500 donation to the Township for parks and bike path improvements. The Township agrees to establish a segregated account solely for this purpose.

## VII. COSTS

28. Each party to bear its own costs and fees including attorney's fees, and no party to the Litigation will be considered a "prevailing party" as that term is used in 42 U.S.C. § 1988(b).

## VIII. RETENTION OF JURISDICTION

29. This case is hereby dismissed with prejudice, subject, however, to this Court retaining jurisdiction of this action for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

_____      _____
Date                                                          JUDGE EDMUND A. SARGUS