IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAROLD E. CURRY, et al.,**

    **Plaintiffs,**

    v.                    Case No. 2:22-cv-153
                           JUDGE EDMUND A. SARGUS, JR.
                           Magistrate Judge Elizabeth Preston Deavers

**JEROME TOWNSHIP, OHIO,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs Harold Curry, Vivian Curry and AMH Development LLC (collectively, "Plaintiffs"), and Defendant Jerome Township, Ohio's (the "Township") Joint Motion for an Order Adopting and Issuing a Consent Decree. (ECF No. 22.) For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

Jerome Township, located between the cities of Dublin and Marysville, has experienced substantial population growth in the last few decades. Since 2015, the Jerome Township Board of Trustees approved more than a dozen requests to rezone land within the Township to allow new development. Jerome Township residents who oppose the developments have initiated nine referendums to override the Township's zoning decisions. (Compl. ¶¶ 1, 3, 5, 6.)

This lawsuit is brought by Plaintiffs Harold and Vivian Curry, landowners in the Township, and AMH, a developer seeking to buy the Curry's farm. On October 5, 2021, the Township Trustees unanimously voted to rezone the Curry Farm to "Planned Development." Two months after the vote, a group of Township residents certified a referendum petition to undo the Township's decision. (*Id.* ¶¶ 7, 9–11.)

1

Plaintiffs filed suit on January 18, 2022, asserting that the referendum deprives them of lawful use of their property, subjects them to unequal treatment under the law, deprives them of constitutional rights to use their property free from arbitrary and capricious restriction, and imposes restrictions inconsistent with the Township's Comprehensive Plan. After Plaintiffs filed this suit, the Parties engaged in settlement discussions and eventually agreed to the terms in the Consent Decree. The motion to approve the Consent Decree is ripe for review. There are no objections filed.

## II.  STANDARD

Pursuant to O.R.C. § 505.07, the Ohio General Assembly expressly authorized townships to settle court actions by a consent decree or court-approved settlement agreement—notwithstanding a voter referendum—which may include an agreement to re-zone the property involved in the action and the approval of a development plan:

> Notwithstanding any contrary provision in another section of the Revised Code, section 519.12 of the Revised Code, or any vote of the electors on a petition for zoning 12 referendum, a township may settle any court action by a consent decree or court-approved settlement agreement which may include an agreement to rezone any property involved in the action as provided in the decree or court-approved settlement agreement without following the procedures in section 519.12 of the Revised Code and also may include township approval of a development plan for any property involved in the action as provided in the decree or court-approved settlement agreement, provided that the court makes specific findings of fact that notice has been properly made pursuant to this section and the consent decree or court-approved settlement agreement is fair and reasonable.
>
> If the subject of the consent decree or court-approved settlement agreement involves a zoning issue subject to referendum under section 519.12 of the Revised Code, the board of township trustees shall publish notice of their intent to meet and consider and take action on the decree or court-approved settlement agreement and the date and time of the meeting in a newspaper of general circulation in the township at least fifteen days before the meeting. The board shall permit members of the public to express their objections to the consent decree or court-approved settlement agreement at the meeting. Copies of the proposed consent decree or court-approved settlement agreement shall be available to the public at the township fiscal officer's office during normal business hours.

> At least ten days prior to the submission of a proposed consent decree or settlement agreement to the court for its review and consideration, the plaintiff in the action involving the consent decree or settlement agreement shall publish a notice that shall include the caption of the case, the case number, and the court in which the consent decree or settlement agreement will be filed, the intention of the parties in the action to file a consent decree or settlement agreement, and, when applicable, a description of the real property involved and the proposed change in zoning or permitted use, in a newspaper of general circulation in the township.

O.R.C. § 505.07.

Based on the above language, the Court must ensure the following conditions are met before approving a consent decree:

1) The Board of Trustees published sufficient notice of its intent to meet, consider, and take action on the Consent Decree at least fifteen days before the meeting;

2) Plaintiffs published sufficient notice at least ten days prior to the submission of the Consent Decree for this Court's review and consideration; and

3) The Consent Decree is fair and reasonable.

*See id.* The three conditions have been satisfied in this case.

### III.   ANALYSIS

First, the Court finds that the Board of Trustees published sufficient notice of its intent to meet, consider, and take action on the Consent Decree at least fifteen days before the meeting. On April 5, 2022, Jerome Township published notice in the Marysville Tribune that a public meeting on the proposed Consent Decree would be held before the Board of Trustees sixteen days later on April 21, 2022. (*See* ECF No. 22-2.) This Court recently found in a similar case that notices published in the Marysville Journal Tribune constitute sufficient notice in the Township. *See Scott v. Jerome Twp., Ohio*, 2:21-cv-3993, 2021 WL 6143654, at *5 (S.D. Ohio Dec. 30, 2021) (approving a consent decree and finding the Marysville Journal Tribune notices were sufficient).

Second, the Court finds that Plaintiffs published sufficient notice at least ten days before submitting the Consent Decree to the Court. On April 25, 2022, Plaintiffs published notice in the Marysville Tribune that the Parties intend to jointly file a proposed consent decree with this Court to approve the rezoning of certain land, approve a specified development plan and regulation text, and to settle this litigation. (*See* ECF No. 22-3.) The Parties filed this Joint Motion to Approve the Consent Decree fourteen days later on June 8, 2022.

Third, the Consent Decree is fair and reasonable. The Consent Decree rezones the Curry Property to "Planned Development" and approves the Curry Farm Preliminary Development Plan. (Consent Decree ¶ 16, ECF No. 22-1.) In exchange, Plaintiffs must dismiss this action with prejudice subject to the Court maintaining jurisdiction for purposes of enforcement and interpretation of the Consent Decree. (*Id.* ¶ 19.) The Consent Decree lists certain landscaping specifications Plaintiffs must follow to buffer future development from neighboring properties. Finally, Plaintiffs will donate $22,500 to the Township for parks and bike path improvements. (*Id.* ¶¶ 17, 27.) The Parties submitted affidavits swearing that the Consent Decree is fair and reasonable from Plaintiff Harold Curry, the AMH Director of Land Acquisition, and the Chair of the Jerome Township Board of Trustees. Moreover, each party was represented by counsel who attest that the agreement is fair and reasonable. Counsels' opinion is "entitled to considerable weight." *See Benalcazar v. Genoa Twp., Ohio*, No. 2:18-CV-01805, 2020 WL 4933797, at *7 (S.D. Ohio Aug. 24, 2020), *aff'd*, 1 F.4th 421 (6th Cir. 2021) (citing *Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007)). Despite the notice described above, no other party has objected to the proposed consent decree. Accordingly, the Court is satisfied that the Consent Decree is fair and reasonable and should be approved under Ohio Revised Code § 505.07.

There were no intervenors or objections to the Consent Decree. Still, the Court recognizes that this settlement seemingly minimizes Jerome Township residents' referendum efforts. Ohio law explicitly permits Jerome Township to settle with Plaintiffs in this way, "[n]othwithstanding…any vote of the electors on a petition for zoning referendum." *Benalcazar*, 1 F.4th at 427 (quoting O.R.C. §505.07). Just as a referendum "is the city itself legislating through its voters," *City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 678 (1976), Jerome Township Trustees' decision to enter this Consent Decree is the city itself legislating through elected legislators. The conflict is not without remedy. In response to intervenors in a similar case, the Sixth Circuit recently stated:

> In this setting, any lingering frustration of the residents of Genoa Township requires them either to change this state law or to exercise their franchise to defeat the trustees who approved the initial zoning proposal and who approved this settlement.

*Id.* Finally, it is worth nothing that the Consent Decree contains materially different terms than the original development plan rejected by voters. In addition to changes to the development plan, the Consent Decree requires Plaintiffs to pay $22,500 and follow certain measures at Curry Farm Development that will generally benefit all Township residents.

## IV.  CONCLUSION

For the reasons stated above, the Parties' Joint Motion for an Order Adopting and Issuing a Consent Decree (ECF No. 22) is **GRANTED**. The Consent Decree (ECF No. 22-1) is **APPROVED**. The Court retains jurisdiction to enforce and interpret the Consent Decree.

**IT IS SO ORDERED.**

**6/27/2022**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                  **UNITED STATES DISTRICT JUDGE**